# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50051 | **DATE** | 7/18/2003 |
| **CASE TITLE** | Ibscher vs. Snyder, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Defendants' Motion to Dismiss is granted in part and denied in part. Count II is dismissed. Counts III & IV are dismissed for failure to comply with §2-622. This Court grants Mr. Ibscher the opportunity to comply with §2-622 and amend his complaint within thirty days. The Amended Complaint is dismissed to the extent Mr. Ibscher sues Defendants in their official capacities. All Defendants are ordered to answer or otherwise plead within twenty-one days of the date of this Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 21 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/18/2003 | |
| sp | courtroom deputy's initials | 03 JUL 18 PM 4:00 Date/time received in central Clerk's Office | date mailed notice sp7 mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

HEINZ HENRY IBSCHER, )
)
Plaintiff, )
)
v. ) Case No. 02 C 50051
)
DONALD N. SNYDER, JR., DOUGLAS ) Philip G. Reinhard
S. CRAVENS, WARDEN JERRY L. ) P. Michael Mahoney
STERNES, DR. ANTREAS MESROBIAN, )
DONNA DREW, Sued in Their Official )
And Individual Capacities, )
)
Defendants. )

## Memorandum Opinion and Order

Plaintiff Heinz Henry Ibscher ("Mr. Ibscher"), a state inmate at Dixon Correctional Center in Dixon, Illinois, sued Director Donald Snyder ("Director Snyder"), Douglas Cravens ("Mr. Cravens"), Warden Jerry Sternes ("Warden Sternes"), and Donna Drew ("Ms. Drew"), alleging deliberate indifference to Mr. Ibscher's medical needs (Count I) and failure to receive an administrative hearing (Count II). Mr. Ibscher also sued Dr. Antreas Mesrobian ("Dr. Mesrobian)(collectively "Defendants"), alleging deliberate indifference to Mr. Ibscher's medical needs (Count I), malpractice, failure to diagnose and perform proper treatment (Count III), and malpractice (Count IV). All Defendants were sued in their individual and maybe official capacities.[1] All Defendants now move to dismiss Mr. Ibscher's complaint. For the following reasons,

---

[1]Although not entirely clear, it appears Mr. Ibscher's Amended Complaint attempts to sue Defendants in their official capacities because the case caption reads : "... SUED IN THEIR AND INDIVIDUAL CAPACITIES." This Court can only assume that the omission of the word "OFFICIAL" was a mistake and was intended to be placed in the caption.

Defendants' Motion to Dismiss is granted in part and denied in part.[2]

**Background**

Mr. Ibscher is a state prisoner, confined at the Dixon Correctional Center at all times relevant to this action. Dr. Mesrobian is a licensed medical physician employed at the Dixon Correctional Center. Director Snyder is the Director of the Illinois Department of Corrections. Mr. Cravens is a member of the Illinois Department of Corrections' Administrative Review Board. Warden Sternes is the Warden of the Dixon Correctional Center. Ms. Drew is the medical administrator of the Dixon Correctional Center.

Mr. Ibscher alleges the following facts, which will be accepted as true for the purposes of this motion: On or about October 27, 1999, Mr. Ibscher was transferred to the Dixon Correctional Center. At the time of his transfer, Mr. Ibscher had a pre-existing medical condition which consisted of bleeding ulcers, "gerd", infectious stomach, liver and kidney disease, and a hernia on the left side of his groin. Shortly after being transferred to Dixon Correctional Center, Mr. Ibscher complained of severe pain and notified Dr. Mesrobrian and his staff and Ms. Drew requesting treatment. Also, between November 1999 and January 17, 2001, Mr. Ibscher complained to Warden Sterns and Director Snyder that he was in severe pain and requested medical assistance.

On January 17, 2001, Mr. Ibscher had to have emergency surgery at KSB Hospital in Dixon, Illinois for internal bleeding. Since his surgery, Mr. Ibscher has requested that Dr. Mesrobian send Mr. Ibscher to a gastroenterologist and an internal specialist for further treatment but Dr. Mesrobian has failed to do so.

---

[2] Pursuant to 28 U.S.C. §636(c) and Federal Rules of Civil Procedure 73, all the parties voluntarily consented to the Magistrate Judge.

On May 23, 2001, Mr. Ibscher filed three grievance reports based on his medical treatment.[3] The first grievance report indicated that since his January 17, 2001 surgery, Mr. Ibscher had developed a second hernia on his right testicle and brought it to the attention of Dr. Mesrobian. Mr. Ibscher's second grievance report indicated that since his January 17, 2001 surgery, Mr. Ibscher started to suffer from extremely bad headaches. While Mr. Ibscher indicated Dr. Mesrobian had prescribed pain reliever for his headaches, Mr. Ibscher requested tests be done on him and a pain reliever which is effective be prescribed to him. Mr. Ibscher's third grievance report indicated that since his January 17, 2001 surgery, Mr. Ibscher has had tightness and discomfort around his heart and chest area. In February and March 2001, Mr. Ibscher requested an EKG chest x-ray and any other tests necessary to determine the cause of his chest discomfort. According to Mr. Ibscher's Amended Complaint, these tests have not been ordered by Dr. Mesrobian.

On June 22, 2001, Doug Hoyle, the Grievance Officer, recommended that Mr. Ibscher's grievances be denied because the "Institutional Inquiry Board is reasonably satisfied that medical issues have and continue to be addressed; ... ." (*See* Grievance Officer's Report, attached as an unmarked exhibit to the original Complaint.) Additionally, Mr. Hoyle reported that issues regarding Mr. Ibscher's medical treatment have "been previously addressed both at the facility level and by the Administrative Review Board." (*Id.*) On June 24, 2001, Warden Sternes concurred with Mr. Hoyle's assessment. Mr. Ibscher indicated on June 25, 2001, by way of signature, that he was going

---

[3] Mr. Ibscher's grievance reports, the Grievance Officer's Report, and the Administrative Review Board's letter were all originally attached to Mr. Ibscher's *pro se* complaint. While these documents were not attached to Mr. Ibscher's Amended Complaint, written by appointed counsel, this Court will include these documents and consider them in deciding the present motion. The inclusion of these documents does not convert the motion to dismiss to a motion for summary judgment.

3

to appeal Warden Sternes' decision to the Director, via the Administrative Review Board.

On July 18, 2001, Mr. Cravens, in a letter, denied Mr. Ibscher's grievances. Mr. Cravens wrote "[t]his office has determined the issue will be addressed without a formal hearing." (*See* notice from Administrative Review Board, attached as an unmarked exhibit to the original Complaint.) Mr. Craven's letter further indicated that "it is the opinion of this office that the issue was appropriately addressed by the institutional administration." (*Id.*) Director Snyder concurred, via his signature, with Mr. Cravens decision. Warden Sternes received a copy of the letter. Plaintiff filed his complaint with this Court on February 7, 2002.

## **Standard of Review**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Midwest Gas Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). The moving party bears the burden of showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim" that would entitle him to relief. *Chillmark Partners, LLC, v. MTS, Inc.*, 02 C 5339, 2003 WL 1964408, at *2 (N.D. Ill April 25, 2003)(citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

Federal notice pleading, as opposed to fact pleading, requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair

notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). Thus, a plaintiff "must set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Menard Inc. v. U.S. Equities Dev., Inc.*, No. 01 C. 7142, 2002 WL 31050160, at *1 (N.D. Ill. Sept. 13, 2002).

## Discussion

*I. Count I (Failure to Render Proper Medical Treatment)*

All the Defendants argue that Mr. Ibscher's Amended Complaint fails to state a claim upon which relief can be granted. Mr. Ibscher, in Count I of his Amended Complaint, asserts that each of the Defendants has violated his Eighth Amendment rights by failing to render proper medical treatment. Although only one of the Defendants is a physician, it is well-settled that a state official's deliberate indifference to an inmate's serious medical condition violates the Eighth Amendment, whether the defendant is a health care provider or correctional employee. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Deliberate indifference has both an objective and subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard a risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837, *Sherrod*, 223 F.3d at 610.

Mr. Ibscher claims that from October 27, 1999 to January 17, 2001 (the day of his emergency surgery) he complained to each of the Defendants regarding his excruciating pain and lack of medical treatment for that pain. While all the Defendants argue that they were not deliberately indifferent to Mr. Ibscher's medical condition, none of the Defendants' arguments rise to the level of dismissing the claim. What the Defendants fail to acknowledge is that federal notice pleading, as opposed to fact pleading, requires only that the plaintiff "set out in her complaint a short and plain

5

statement of the claim that will provide the defendant with fair notice of the claim." *Scott*, 195 F.3d at 951. Additionally, Defendants are reminded that federal notice pleadings are to be governed liberally. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Therefore, because Mr. Ibscher's Amended Complaint alleges that all the Defendants were aware of his medical condition and failed to address it, which ultimately led to his emergency surgery, under the liberal federal notice pleading rules, this is a sufficient allegation of deliberate indifference to support Mr. Ibscher's claim. *See Bond v. Aguinaldo*, No 02 C 5357, 2003 WL 21272432, at * 2 (N.D. Ill. May 30, 2003).

Even assuming Mr. Ibscher's Amended Complaint states a claim upon which relief can be granted, Defendants Snyder, Cravens, Sternes and Drew argue that their Motion to Dismiss should be granted because: 1) Mr. Ibscher filed his original complaint after the two year statute of limitations; 2) Mr. Ibscher failed to exhaust all his administrative remedies, and 3) state and qualified immunity bars this suit.

This Court will first address the statute of limitations argument. Section 1983 does not itself contain a specific statute of limitations. As a result of this, courts look to the law of the state where the injury occurred to determine the statute of limitations applicable for the claim. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). As this case arises in Illinois, the Illinois statute of limitations for personal injuries, which is two years, will apply. 735 ILCS 5/13-202. The two-year period begins when Mr. Ibscher knows or should have known that his constitutional rights were violated. *See Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir), *cert denied*, 513 U.S. 872 (1994).

Messrs. Snyder, Cravens, Sternes and Drew argue that Mr. Ibscher has failed to provide specific dates of alleged violations, and while Mr. Ibscher does provide a time period spanning from

November 1999 to January 17, 2001, the date of his surgery, ultimately Mr. Ibscher misses the two-year statute of limitations period for any claim taking place before "February 7, 2001."[4] (Defs.' Mot. to Dismiss at 6-7). Mr. Ibscher, on the other hand, argues that the event triggering the limitation period is the date of the surgery– January 17, 2001.

While Defendants are correct that Mr. Ibscher does not provide specific dates of the alleged violations, such information is not necessary at this stage of the litigation. It is sufficient enough for a motion to dismiss to provide non-specific dates, as long as some of those dates fall within the two-year statute of limitations. Mr. Ibscher has alleged that he notified all the Defendants about his need for medical attention between November 1999 and January 17, 2001. Because Mr. Ibscher filed his Complaint on February 7, 2002, any statements made by Mr. Ibscher to the Defendants about his medical condition after February 7, 2000 are actionable. Therefore, because Mr. Ibscher is not required to provide specific dates at this time, the Motion to Dismiss is inappropriate.

Defendants next argue that Mr. Ibscher's Amended Complaint should be dismissed because Mr. Ibscher failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") of 1995 provides, in pertitent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted ... ." 42 U.S.C. §1997e(a); *Massey v. Helman*, 259 F.3d 641, 645 (7th Cir. 2001). Additionally, "if a prison has an internal administrative greivance system through which a prisoner

---

[4] This Court is very confused with Messrs. Synder, Cravens, Sternes, and Drew's argument at this point. While they acknowledge in their brief that Mr. Ibscher filed his original complaint on February 7, 2002 and the statute of limitations is two-years, the Defendants argue that any claims prior to February 7, 2001 should be barred. This date should actually be February 7, 2000 and not 2001.

can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999), *cert. denied*, 532 U.S. 1065 (2001).

In the instant case, it appears that Mr. Ibscher went as far as he could in the prison's internal administrative grievance system. After filing numerous grievances, having those grievances denied, and appealing those grievances, Mr. Ibscher received a letter from the Illinois Department of Corrections informing him that Mr. Ibscher's grievances will be "addressed without a formal hearing," and that in the opinion of the Administrative Review Board, "[b]ased on a total review of all available information, ... the issue was appropriately addressed by the institutional administration." (*See* notice from Administrative Review Board, attached as an unmarked exhibit to the original Complaint.) No other information, in terms of appealing the decision, was provided. Mr. Ibscher has more than fulfilled the purpose of proceeding initially at the administrative level to provide the governmental agency sufficient notice to investigate the incident and give correctional officials the opportunity to rectify the perceived problem before the courts become involved. *See Palay v. U.S.*, 125 F.Supp.2d 855, 859 (N.D. Ill. 2000). Therefore, this Court finds Mr. Ibscher did exhaust his administrative remedies before filing the instant action.

Lastly, Defendants argue that qualified immunity bar Mr. Ibscher's suit altogether. In determining whether a State employee is protected by qualified immunity, this Court must determine whether Mr. Ibscher has alleged a constitutional deprivation, and then determine whether the constitutional right was clearly established at the time of the violation. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). Mr. Ibscher claims he notified the Defendants numerous times about his medical condition. Mr. Ibscher was thus exercising his Eighth Amendment right to be free from the

infliction of unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The constitutional right of a prisoner to be free from the infliction of unnecessary and wanton infliction of pain was clearly established at the time Mr. Ibscher complained about his medical condition to Defendants. Therefore, because Mr. Ibscher has alleged an Eighth Amendment violation, and that constitutional right was clearly established at the time of the violations, Defendants' Motion to Dismiss Count I based on qualified immunity is denied.

*II. Count II (Failure to Receive Institutional and Administrative Hearing)*

Count II of Mr. Ibscher's Amended Complaint alleges that the failure of Defendants Cravens and Sternes to provide Mr. Ibscher with an institutional or administrative hearing ultimately led to Mr. Ibscher's emergency surgery on January 17, 2001. While Defendants Cravens and Sternes cite no case law or authority in support of their Motion to Dismiss Count II, this Court dismisses Count II.

Although not stated as such, Mr. Ibscher appears to be arguing a Due Process claim under the Fourteenth Amendment whereby Defendants Cravens and Sternes failed to provide him institutional and administrative hearings. However, with respect to the Due Process Clause, any right to a grievance procedure is a procedural right. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995)(citing *Azeez v. DeRobertis*, 568 F.SUpp. 8, 10 (N.D. Ill. 1982)). In order to be actionable under the Due Process Clause, Mr. Ibscher must establish a life, liberty or property interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995)(citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982)). Even though Illinois has created a prison grievance procedure which may entitle inmates to institutional and administrative hearings, Mr. Ibscher does not have a liberty or property interest unless there is a deprivation of his liberty or property interest. The adequate or

inadequate medical treatment Mr. Ibscher has received, subsequent to his January 17, 2001 surgery (which is what Mr. Ibscher's grievances are about), does not rise to such a level of deprivation. Thus, Messrs. Cravens and Sternes failure to provide Mr. Ibscher with an institutional and administrative hearing is not actionable under §1983. Therefore, Defendants' Motion to Dismiss Count II is granted.

*III. Count III & IV (Failure to Diagnose and Perform Proper Treatment and Malpractice)*

Counts III & IV of Mr. Ibscher's Amended Complaint are brought only against Defendant Dr. Mesrobian. Counts III & IV are virtually identical except that in Count IV Mr. Ibscher alleges that "Dr. Mesrobian has shown medical indifference to the needs of plaintiff by failing to follow proper medical procedure and provide tests necessary for treatment of [Mr. Ibscher's] condition." (Am. Compl. at ¶5) Dr. Mesrobian makes two arguments for dismissing Count III & IV of Mr. Ibscher's Amended Complaint: 1) Mr. Ibscher's failure to attach a §2-622 health professional's report to his complaint demands dismissal; and 2) punitive damages are not permitted in medical malpractice cases.

This Court turns first to Dr. Mesrobian's argument that failure to attach a §2-622 health professional's report to his complaint demands dismissal. The first issue this Court must address is whether 735 ILCS 5/2-622 applies in federal court. Apparently, this issue has divided the Northern District of Illinois without direct guidance from the Seventh Circuit. *Compare Copeland v. Northwestern Memorial Hospital*, 964 F.Supp. 1225, 1242 (N.D. Ill. 1997)(stating that failing to file an affidavit of merit in a medical malpractice claim is cause for dismissal under 735 ILCS 5/2-622(g)), *with Threlkeld v. White Castle Systems*, 127 F.Supp.2d 986, 991 (N.D. Ill. 2001)("In any event, I will not dismiss a state claim made in federal court for failure to comply with a state

10

pleading rule."). Although the Seventh Circuit has yet to directly address the issue, some guidance can be attained from the treatment the Seventh Circuit has given §2-622. In *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000), the Seventh Circuit stated "[t]o minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint." *Id.* (citing *McCastle v. Sheinkop*, 520 N.E.2d 293, 294 (1987)). This gives the court notice that "a qualified, licensed physician has reviewed the case and determined that 'there is a reasonable and meritorious cause fo the filing of such action.'" *Id.* (citing §2-622). In remanding the case back to the district court, the Seventh Circuit held that it was an abuse of discretion to dismiss the claim without affording an opportunity for Plaintiff to amend in conformity with §2-622. *Id.* at 614. If merely procedure, the Seventh Circuit should not have sent the case back to district court for a refiling. Therefore, this court will consider 2-§622 as substantive state law that must be applied in federal court. *See Erie RR Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer*, 380 U.S. 460, 468 (1965); *Smith v. Gottlieb*, No. 02 C 50192, 2002 WL 1636546, at *1 (N.D. Ill. July 23, 2002)(Reinhard, J.)(stating that Section §2-622's requirement of attaching an affidavit from a health care professional who has reviewed the claims applies to claims in federal court).

Mr. Ibscher does not dispute that §2-622 applies in federal court or even that he did not comply with its requirements. As such, this Court finds that Mr. Ibscher has not complied with §2-622 and dismisses Counts III & IV accordingly. However, this Court grants Mr. Ibscher the opportunity to comply with §2-622 and amend his complaint in 30 days. Having found that Counts III & IV are dismissed due to failure to comply with §2-622, this Court finds no need to discuss Dr. Mesrobian's argument regarding punitive damages.

*IV. Official v. Individual Capacity*

Finally, although not addressed by either party, Mr. Ibscher's Amended Complaint will be dismissed against all Defendants insofar as they are sued in their official capacities. State agencies

11

and state officials acting in their official capacities are not "persons" who may be sued for damages under 42 U.S.C §1983. *Ames v. Snyder*, No. 02 C 4043, 2002 WL 31818985, at *7 (N.D. Ill. Dec. 13, 2002)(citing *Will v. Michigan Dept. of State Police*, 491 U.S. 45, 71 (1989)). The only exception to this is where injunctive relief, rather than damages, is sought. *Will*, 491 U.S. at 71 n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1908)(stating "official-capacity actions for prospective relief are not treated as actions against the State.")) Mr. Ibscher's Amended Complaint does not request injunctive relief; thus, Mr. Ibscher may proceed against all the Defendants only to the extent that he is suing them in their individual capacities.

## Conclusion

For the above stated reasons, Defendants' Motion to Dismiss is granted in part and denied in part. Count II is dismissed. Counts III & IV are dismissed for failure to comply with §2-622. This Court grants Mr. Ibscher the opportunity to comply with §2-622 and amend his complaint within 30 days. The Amended Complaint is dismissed to the extent Mr. Ibscher sues Defendants in their official capacities. All Defendants are ordered to answer or otherwise plead within twenty-one days of the date of this Order.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 7/18/03