Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50051 | **DATE** | 6/15/2004 |
| **CASE TITLE** | Ibscher vs. Snyder, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the attached Memorandum Opinion and Order, Warden Sternes' Motion to Dismiss is denied. Warden Sternes is ordered to answer or otherwise plead within twenty-one days of the date of this Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 6-15-04 date docketed | 62 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/15/2004 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| HEINZ HENRY IBSCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 50051 |
| ) | |
| WARDEN JERRY L. STERNES, an individual, ) | P. Michael Mahoney |
| and DR. ANTREAS MESROBIAN, an ) | |
| individual. ) | |
| ) | |
| Defendants. ) | |

## Memorandum Opinion and Order

Plaintiff Heinz Henry Ibscher ("Mr. Ibscher"), a state inmate at Dixon Correctional Center in Dixon, Illinois, sued Warden Jerry Sternes ("Warden Sternes") and Dr. Antreas Mesrobian ("Dr. Mesrobian") alleging failure to render proper medical treatment and deliberate indifference to Mr. Ibscher's medical needs. Warden Sternes now moves to dismiss Mr. Ibscher's Fourth Amended Complaint. For the following reasons, Warden Sternes' Motion to Dismiss is denied.[1]

## Background

Mr. Ibscher is a state prisoner, confined at the Dixon Correctional Center at all times relevant to this action. Dr. Mesrobian is a licensed medical physician employed at the Dixon Correctional Center. Warden Sternes is the Warden of the Dixon Correctional Center.

Mr. Ibscher alleges the following facts, which will be accepted as true for the purposes of this motion: On or about October 27, 1999, Mr. Ibscher was transferred to the Dixon Correctional Center. At the time of his transfer, Mr. Ibscher had a pre-existing medical condition which consisted of

---

[1] Pursuant to 28 U.S.C. §636(c) and Federal Rules of Civil Procedure 73, all the parties voluntarily consented to the Magistrate Judge.

bleeding ulcers, "gerd", infectious stomach, liver and kidney disease, and a hernia on the left side of his groin. Shortly after being transferred to Dixon Correctional Center, Mr. Ibscher complained of severe pain and notified Dr. Mesrobrian and his staff. Also, between November 1999 and January 17, 2001, Mr. Ibscher complained to Warden Sterns that he was in severe pain and requested medical assistance.

On January 17, 2001, Mr. Ibscher had to have emergency surgery at KSB Hospital in Dixon, Illinois for internal bleeding. Since his surgery, Mr. Ibscher has requested that Dr. Mesrobian send Mr. Ibscher to a gastroenterologist and an internal specialist for further treatment but Dr. Mesrobian has failed to do so.

On May 23, 2001, Mr. Ibscher filed three grievance reports based on his medical treatment.[2] The first grievance report indicated that since his January 17, 2001 surgery, Mr. Ibscher had developed a second hernia on his right testicle and brought it to the attention of Dr. Mesrobian. Mr. Ibscher's second grievance report indicated that since his January 17, 2001 surgery, Mr. Ibscher started to suffer from extremely bad headaches. While Mr. Ibscher indicated Dr. Mesrobian had prescribed pain reliever for his headaches, Mr. Ibscher requested tests be done on him and a pain reliever which is effective be prescribed to him. Mr. Ibscher's third grievance report indicated that since his January 17, 2001 surgery, Mr. Ibscher has had tightness and discomfort around his heart and chest area. In February and March 2001, Mr. Ibscher requested an EKG chest x-ray and any other tests necessary to determine the cause of his chest discomfort. According to Mr. Ibscher's Amended Complaint, these tests have not been ordered by Dr. Mesrobian.

---

[2] This court takes judicial notice and incorporates the grievance reports material from Mr. Ibscher's initial Complaint previously filed with this court.

2

On June 22, 2001, Doug Hoyle, the Grievance Officer, recommended that Mr. Ibscher's grievances be denied because the "Institutional Inquiry Board is reasonably satisfied that medical issues have and continue to be addressed; ... ." (*See* Grievance Officer's Report, attached as an unmarked exhibit to the original Complaint.) Additionally, Mr. Hoyle reported that issues regarding Mr. Ibscher's medical treatment have "been previously addressed both at the facility level and by the Administrative Review Board." (*Id.*) On June 24, 2001, Warden Sternes concurred with Mr. Hoyle's assessment. Mr. Ibscher indicated on June 25, 2001, by way of signature, that he was going to appeal Warden Sternes' decision to the Director, via the Administrative Review Board.

On July 18, 2001, Mr. Cravens, in a letter, denied Mr. Ibscher's grievances. Mr. Cravens wrote "[t]his office has determined the issue will be addressed without a formal hearing." (*See* notice from Administrative Review Board, attached as an unmarked exhibit to the original Complaint.) Mr. Craven's letter further indicated that "it is the opinion of this office that the issue was appropriately addressed by the institutional administration." (*Id.*) Director Snyder concurred, via his signature, with Mr. Cravens decision. Warden Sternes received a copy of the letter. Plaintiff filed his complaint with this court on February 7, 2002.

## Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Midwest Gas Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). The moving party bears the burden of showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim"

3

that would entitle him to relief. *Chillmark Partners, LLC, v. MTS, Inc.*, 02 C 5339, 2003 WL 1964408, at *2 (N.D. Ill April 25, 2003)(citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

Federal notice pleading, as opposed to fact pleading, requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). Thus, a plaintiff "must set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Menard Inc. v. U.S. Equities Dev., Inc.*, No. 01 C. 7142, 2002 WL 31050160, at *1 (N.D. Ill. Sept. 13, 2002).

## Discussion

Warden Sternes argues that Mr. Ibscher's Fourth Amended Complaint fails to state a claim upon which relief can be granted. Mr. Ibscher asserts that Warden Sternes has violated his Eighth Amendment rights by failing to render proper medical treatment. Although only Dr. Mesrobian is a physician, it is well-settled that a state official's deliberate indifference to an inmate's serious medical condition violates the Eighth Amendment, whether the defendant is a health care provider or correctional employee. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Deliberate indifference has both an objective and subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard a risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837, *Sherrod*, 223 F.3d at 610.

Mr. Ibscher claims that from October 27, 1999 to January 17, 2001 (the day of his emergency surgery) he complained to Warden Sternes regarding his excruciating pain and lack of medical treatment for that pain. While Warden Sternes argues that he was not deliberately indifferent to Mr. Ibscher's medical condition, Warden Sternes' arguments do not allow the dismissal of the claim. Federal notice pleading, as opposed to fact pleading, requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott*, 195 F.3d at 951. Therefore, because Mr. Ibscher's Amended Complaint alleges that Warden Sternes was aware of his medical condition and failed to address it, which ultimately led to his emergency surgery, under the liberal federal notice pleading rules, this is a sufficient allegation of deliberate indifference to support Mr. Ibscher's claim. *See Bond v. Aguinaldo*, No 02 C 5357, 2003 WL 21272432, at * 2 (N.D. Ill. May 30, 2003).

Even assuming Mr. Ibscher's Amended Complaint states a claim upon which relief can be granted, Warden Sternes argues that his Motion to Dismiss should be granted because: 1) Mr. Ibscher filed his original complaint after the two year statute of limitations; and 2) Mr. Ibscher failed to exhaust all his administrative remedies, and 3) state and qualified immunity bars this suit.

This court will first address the statute of limitations argument. Section 1983 does not itself contain a specific statute of limitations. As a result of this, courts look to the law of the state where the injury occurred to determine the statute of limitations applicable for the claim. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). As this case arises in Illinois, the Illinois statute of limitations for personal injuries, which is two years, will apply. 735 ILCS 5/13-202. The two-year period begins when Mr. Ibscher knows or should have known that his constitutional rights were violated. *See Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir), *cert denied*,

5

513 U.S. 872 (1994).

Warden Sternes argues that Mr. Ibscher has failed to provide specific dates of alleged violations, and while Mr. Ibscher does provide a time period spanning from November 1999 to January 17, 2001, the date of his surgery, ultimately Mr. Ibscher misses the two-year statute of limitations period for any claim taking place before "February 7, 2001." Mr. Ibscher, on the other hand, argues that the event triggering the limitation period is the date of the surgery– January 17, 2001.

While Warden Sternes is correct that Mr. Ibscher does not provide specific dates of the alleged violations, such information is not necessary at this stage of the litigation. It is sufficient enough for a motion to dismiss to provide non-specific dates, as long as some of those dates fall within the two-year statute of limitations. Mr. Ibscher has alleged that he notified all the Defendants about his need for medical attention between November 1999 and January 17, 2001. Because Mr. Ibscher filed his original Complaint on February 7, 2002, any statements made by Mr. Ibscher to the Defendants about his medical condition after February 7, 2000 are actionable. Therefore, because Mr. Ibscher is not required to provide specific dates at this time, the Motion to Dismiss is inappropriate.

Warden Sternes next argues that Mr. Ibscher's Fourth Amended Complaint should be dismissed because Mr. Ibscher failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") of 1995 provides, in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted ... ." 42 U.S.C. §1997e(a); *Massey v. Helman*, 259 F.3d 641, 645 (7th Cir. 2001).

Additionally, "if a prison has an internal administrative greivance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999), *cert. denied*, 532 U.S. 1065 (2001).

In the instant case, it appears that Mr. Ibscher went as far as he could in the prison's internal administrative grievance system. After filing numerous grievances, having those grievances denied, and appealing those grievances, Mr. Ibscher received a letter from the Illinois Department of Corrections informing him that Mr. Ibscher's grievances will be "addressed without a formal hearing," and that in the opinion of the Administrative Review Board, "[b]ased on a total review of all available information, ... the issue was appropriately addressed by the institutional administration." (*See* notice from Administrative Review Board, attached as an unmarked exhibit to the original Complaint.) No other information, in terms of appealing the decision, was provided. Mr. Ibscher has more than fulfilled the purpose of proceeding initially at the administrative level to provide the governmental agency sufficient notice to investigate the incident and give correctional officials the opportunity to rectify the perceived problem before the courts become involved. *See Palay v. U.S.*, 125 F.Supp.2d 855, 859 (N.D. Ill. 2000). Therefore, this court finds Mr. Ibscher did exhaust his administrative remedies before filing the instant action.

Lastly, Warden Sternes argues that qualified immunity bar Mr. Ibscher's suit altogether. In determining whether a State employee is protected by qualified immunity, this court must determine whether Mr. Ibscher has alleged a constitutional deprivation, and then determine whether the constitutional right was clearly established at the time of the violation. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). Mr. Ibscher claims he notified Warden Sternes about his medical

7

condition. Mr. Ibscher was thus exercising his Eighth Amendment right to be free from the infliction of unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The constitutional right of a prisoner to be free from the infliction of unnecessary and wanton infliction of pain was clearly established at the time Mr. Ibscher complained about his medical condition to Warden Sternes. Therefore, because Mr. Ibscher has alleged an Eighth Amendment violation, and that constitutional right was clearly established at the time of the violations, Warden Sternes' Motion to Dismiss based on qualified immunity is denied.

## Conclusion

For the above stated reasons, Warden Sternes' Motion to Dismiss is denied. Warden Sternes is ordered to answer or otherwise plead within twenty-one days of the date of this Order.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 6/15/04

8